**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4207**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WILLIE ANTHONY SAXBY, JR.,

        Defendant - Appellant.

**No. 18-4208**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WILLIE ANTHONY SAXBY, JR.,

        Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge. (1:17-cr-00396-TDS-1; 1:11-cr-00132-TDS-1)

Submitted: October 23, 2018                Decided: November 6, 2018

Before WILKINSON, MOTZ, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Brian Michael Aus, Durham, North Carolina, for Appellant. Clifton Thomas Barrett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Anthony Saxby, Jr., pled guilty to distributing heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012) ("controlled substance offense"), and the district court sentenced Saxby to 65 months' imprisonment. At the time Saxby committed this offense, he was on supervised release. Based on Saxby's admission to violating the terms of his supervision, the district court revoked his supervised release and imposed a 12-month sentence, to run consecutively to the 65-month sentence for the controlled substance offense.

This court consolidated Saxby's appeals from the controlled substance offense and revocation judgments. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious grounds for appeal but questioning whether the district court erred in denying Saxby's pro se motion to dismiss and imposed a reasonable sentence. Saxby has also filed a pro se supplemental brief raising several issues. We affirm the district court's judgment.

Prior to pleading guilty to the controlled substance offense, Saxby filed a pro se motion to dismiss the indictment, contending that the State's failure to serve warrants related to state controlled substance charges violated his Fourth Amendment rights. However, Saxby's unconditional guilty plea "waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." *United States v. Fitzgerald*, 820 F.3d 107, 110 (4th Cir. 2016) (internal quotation marks omitted). The State's failure to prosecute its charges against Saxby has no bearing on the district court's jurisdiction over

Saxby's violation of federal law and supervised release term, and thus this claim is waived.

As to Saxby's sentences, we review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under the *Gall* standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51.

Likewise, "[a] district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors. *Slappy*, 872 F.3d at 207; *see* 18 U.S.C. § 3583(e) (2012). A revocation sentence is substantively reasonable if the court states a proper basis for concluding that the

4

defendant should receive the sentence imposed, up to the statutory maximum. *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006).

Counsel questions whether the district court erred in applying a 2-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(12) (2016) ("premises enhancement"). "We accord due deference to a district court's application of the sentencing guidelines." *United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013). We review the district court's factual determinations for clear error. *Id.* However, "if the issue turns primarily on the legal interpretation of a guideline term, the standard moves closer to de novo review." *Id.* (alterations and internal quotation marks omitted).

The premises enhancement provides for a 2-level increase in a defendant's offense level if he "maintained a premises for the purpose of manufacturing or distributing a controlled substance." USSG § 2D1.1(b)(12). This includes "storage of a controlled substance for the purpose of distribution." USSG § 2D1.1 cmt. n.17.[*] "Among the factors the [sentencing] court should consider in determining whether the defendant maintained the premises are (A) whether the defendant held a possessory interest in (*e.g.*, owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises." *Id.* Moreover, the distribution of controlled substances "need not be the sole purpose for which the premises was maintained, but

---

[*] Guidelines commentary that "interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993).

5

must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises." *Id.*

Here, the district court did not clearly err in applying the premises enhancement. Saxby conceded that he held a possessory interest in his residence and controlled access to it, and he directed an undercover law enforcement officer to purchase controlled substances from his residence. *See United States v. Flores-Olague*, 717 F.3d 526, 532 (7th Cir. 2013) ("[A]n individual maintains a drug house if he owns or rents premises, or exercises control over them, and for a sustained period of time, uses those premises to manufacture, store, or sell drugs, or directs others to those premises to obtain drugs." (internal quotation marks omitted)). Moreover, the fact that only three documented drug transactions occurred at the house does not compel the conclusion that the distribution of heroin was not a principal use of the premises. *See United States v. Miller*, 698 F.3d 699, 706-07 (8th Cir. 2012). During one of these transactions, for example, Saxby stated to the undercover officer that he had additional drugs for purchase at his residence and assured the officer that he could call him "day or night if he needed anything."

We further discern no other procedural error. The district court rightfully concluded that Saxby's criminal history indicated a likelihood that he would commit further crimes, a conclusion bolstered by the fact that Saxby committed the controlled substance offense while on supervised release. *See United States v. McCoy*, 804 F.3d 349, 352 (4th Cir. 2015). We further conclude that Saxby's sentence is substantively reasonable. In determining whether an above-Guidelines sentence is substantively reasonable, we "consider whether the sentencing court acted reasonably both with respect

to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (citation and internal quotation marks omitted). Our review is ultimately for an abuse of discretion, and we accord "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017). The district court rightfully considered Saxby's lengthy criminal history in determining that an above-Guidelines sentence was necessary to deter Saxby's criminal conduct and protect the public.

We further conclude that Saxby's revocation sentence is not plainly unreasonable. The district court correctly calculated the statutory maximum and policy statement range of 12 months' imprisonment. *See* 18 U.S.C. §§ 472, 3559(a)(3), 3583(e)(3); USSG § 7B1.4(a), (b)(1), p.s. While the district court did not expressly mention the Chapter Seven policy statements, Saxby did not present any argument at the revocation hearing, and the district court thoroughly considered the need to deter Saxby and to protect the public from his criminal conduct, especially in light of the extensive record created during Saxby's sentencing hearing. *See United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006).

In accordance with *Anders*, we have reviewed the entire record in this case, including the issues raised in Saxby's supplemental brief, and have found no meritorious

issues for review.  We therefore affirm the district court's judgments.  This court requires that counsel inform Saxby, in writing, of the right to petition the Supreme Court of the United States for further review.  If Saxby requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Saxby.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*